**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL LYNN BRECHT | |
| Appellant | No. 193 WDA 2015 |

Appeal from the Judgment of Sentence of October 6, 2014
In the Court of Common Pleas of Warren County
Criminal Division at Nos.:     CP-62-CR-0000524-2013
CP-62-CR-0000525-2013

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 22, 2015**

Daniel Lynn Brecht appeals his two October 6, 2014 judgments of sentence.  Brecht's counsel has filed a petition to withdraw as counsel, together with an **Anders** brief.[1]  We find that Brecht's counsel has satisfied the **Anders**/**Santiago** requirements and that Brecht has no meritorious issues to pursue on appeal.  Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Brecht's judgments of sentence.

In his two criminal cases, Brecht was charged initially with a total of one hundred and seventy-four charges relating to the protracted sexual abuse of two different children.  Following plea negotiations with the

---

[1]     **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), **abrogated in part by Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Commonwealth, Brecht agreed to plead guilty to one count each of rape by forcible compulsion, statutory sexual assault, sexual assault, aggravated indecent assault, indecent assault of a person less than thirteen years old, and corruption of the morals of a minor.[2] All other charges were *nolle prossed* by the Commonwealth.

On June 16, 2014, Brecht appeared before the trial court to plead guilty according to the negotiated terms as set forth above. At the guilty plea hearing, Brecht, who was sixty-three years-old at the time of his plea, confirmed that he was not under the influence of alcohol or controlled substances at the time of the plea. He further declared that he understood all of the constitutional rights that he was waiving by entering guilty pleas, and that he had no questions for the court in that regard. Brecht stated that he was entering the plea on his own free will, that there were no promises made to him with regard to the sentence that he would receive, and that he was not forced or threatened to take the plea. Brecht conceded that he had ample time to consult with his attorney, and that he was satisfied with his attorney's advice. Finally, Brecht confirmed his understanding that, by pleading guilty to multiple offenses, he could receive consecutive sentences for each crime to which he pleaded guilty. The trial court accepted the plea,

---

[2] 18 Pa.C.S. §§ 3121(a)(1), 3122.1, 3142.1, 3125, 3126(a)(7), and 6301, respectively. The facts supporting the guilty pleas are immaterial to our disposition of this case, and we need not recite them here.

and ordered Brecht to be evaluated for purposes of a sexually violent predator hearing.

On September 19, 2014, Brecht appeared for sentencing. First, following a hearing, the trial court determined that Brecht met the criteria for a sexually violent predator, and designated him as such.[3] The trial court then proceeded to sentence Brecht to an aggregate sentence of one hundred and eighty-eight months to three hundred and seventy-six months' incarceration. The aggregate sentence was comprised of individual sentences on each count, and the trial court ordered each sentence to run consecutively to each other.

After sentencing, the parties and the court detected that the indecent assault count was incorrectly graded as a felony. Consequently, the parties appeared on October 16, 2014 for re-sentencing. At that hearing, the court corrected the grading of the indecent assault count, and imposed the same sentence as set forth above. At the conclusion of that hearing, Brecht made an oral motion to withdraw his guilty plea. The trial court advised Brecht of his appellate rights, and that the time constraints to take any appellate actions commenced on that date, not the date of the original sentence.

_____

[3] Those criteria, as well as the bases for satisfying those criteria in this case, are not as issue in this case. Therefore, we need not elaborate any further on the sexually violent predator assessment and designation.

Accordingly, the court rejected the oral motion, and directed Brecht to file a written motion within ten days.

On October 20, 2014, Brecht's plea counsel filed a motion to withdraw as counsel, wherein counsel identified not only his reasons for seeking withdrawal as counsel, but also the bases for Brecht's desire to withdraw his guilty plea. Following a hearing, the trial court granted the motion, and appointed an attorney from the Public Defender's Office to represent Brecht. On November 14, 2014, Brecht filed a second written motion to withdraw his guilty plea, wherein Brecht maintained his innocence to the charges. Brecht alleged that his trial counsel indicated to him that, if he pleaded guilty, the Commonwealth would not object to a sentence of eighty-four to one hundred and sixty-eight months' incarceration.

On January 8, 2015, the trial court held a hearing on Brecht's motion to withdraw his guilty plea. At the hearing, Brecht testified that his plea attorney had assured him that, by pleading guilty, he would only receive a minimum sentence of seven years in prison. Based upon that assurance, Brecht elected to plead guilty because, if he went to trial and was convicted, any sentence that he would receive would be much longer. Despite his statements at his guilty plea hearing, Brecht maintained at the withdrawal hearing that he did not have sufficient time to talk with his attorney, and that he was not satisfied with counsel's advice and performance at the time. However, on cross-examination, Brecht admitted that counsel never promised or guaranteed any particular sentence. Brecht asserted that

counsel directed him to plead guilty based upon counsel's reasonable assurances that he would receive seven years in prison, and that the Commonwealth would not oppose such a sentence.

Plea counsel testified at the hearing that he had multiple conversations with Brecht prior to the guilty plea hearing regarding the sentences that could be imposed by the trial court. Counsel further testified that he discussed the ultimate plea agreement that counsel had reached with the Commonwealth, and informed Brecht only that the standard range sentences for the crimes to which he would plead pursuant to the agreement would approximate a minimum term of seven years. Counsel further testified that no one from the Commonwealth had agreed to that sentence, or agreed to recommend such a sentence. Counsel told Brecht only that he did not believe that the Commonwealth would object to that recommendation, not that the Commonwealth actually agreed to anything with regard to the sentence. Indeed, in one letter, counsel indicated that it was his understanding that the Commonwealth would not object to the recommendation. Nonetheless, counsel testified that he discussed with Brecht at length that the trial court could reject the recommendation, and could sentence Brecht to more, or even less, than what counsel would recommend to the court. Counsel stated that he believed that Brecht understood that no sentence was agreed upon, and that Brecht often exhibited concern and anxiety about the sentence because no one knew what sentence the trial judge would impose.

At the conclusion of the hearing, the trial court denied Brecht's motion to withdraw his guilty plea. On the same day, the trial court entered an order formally denying the motion, and advising Brecht that he had thirty days to file an appeal. On January 28, 2015, Brecht filed a notice of appeal. On January 29, 2015, the trial court directed counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 18, 2015, counsel for Brecht file a Rule 1925(b) statement in which counsel indicated that he had reviewed the record and concluded that there were no non-frivolous issues to pursue on appeal. Nonetheless, counsel identified one issue that might arguably support an appeal: that the trial court abused its discretion in denying Brecht's motion to withdraw his guilty plea because counsel induced Brecht to plead guilty based upon the assurance that Brecht would receive a minimum sentence of approximately seven years. On March 9, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

As noted, counsel has filed an **Anders** brief and a motion to withdraw as counsel. Counsel for Brecht has identified one issue that arguably supports Brecht's appeal, but ultimately concludes that the issue has no discernible merit. Counsel sets forth that issue as follows:

1. Did [the trial court] abuse [its] discretion in denying [Brecht's] post-sentence motion to withdraw his guilty plea, as he was under the impression from his previous attorney that he would receive a minimum sentence of seven [] years' incarceration?

*Anders* Brief for Brecht at 6.

Because counsel for Brecht proceeds pursuant to *Anders* and *Santiago*, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the issue presented by Brecht. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must provide the following information:

> (1)  a summary of the procedural history and facts, with citations to the record;
>
> (2)  reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  counsel's conclusion that the appeal is frivolous; and
>
> (4)  counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see also Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

Finally, to facilitate our review of counsel's satisfaction of his obligations, counsel must attach to his petition to withdraw the letter that he transmitted to his client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied the *Anders* requirements. Counsel has provided procedural and factual histories of this case, detailing the facts and events relevant to this appeal with appropriate citations to the record. *Anders* Brief for Brecht at 2-5. Counsel also has articulated Brecht's positions and has analyzed the issues in light of the record with appropriate citations to the record and case law. *Id.* at 7-8. Ultimately, counsel has concluded that Brecht has no non-frivolous bases for challenging his sentence. *Id.* at 9.

Counsel also has sent Brecht a letter informing him that he has identified no non-frivolous issues to pursue on appeal; that counsel has filed an application to withdraw as Brecht's attorney; and that Brecht may find new counsel or proceed *pro se*. Counsel has attached the letter to his petition to withdraw, as required by *Millisock*. *See* Petition to Withdraw as Counsel, 5/13/2015. Accordingly, counsel has complied substantially with *Anders*' technical requirements. *See Millisock*, 873 A.2d at 751. Notably, Brecht has not filed a response with this Court to counsel's *Anders* Brief, the letter that counsel sent to him, or the motion to withdraw as counsel.

We must now conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any non-frivolous issues may remain. **Santiago**, 978 A.2d at 355 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]") (quoting **Anders**, 386 U.S. at 744).

We begin with the issue identified by counsel, whether the trial court abused its discretion by denying Brecht's motion to withdraw his guilty plea. We will not disturb the decision denying a post-sentence motion to withdraw a guilty plea absent an abuse of discretion. An abuse of discretion is not merely an error judgment. **Commonwealth v. Prysock**, 972 A.2d 539, 541 (Pa. Super. 2009). A trial court abuses its discretion when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." **Id.** at 541 (quoting **Commonwealth v. Chambers**, 685 A.2d 96, 104 (Pa. 1996)).

We first note that there is no absolute right to withdraw a guilty plea. **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002). Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999). He bears the burden of proving otherwise. **Id.** Moreover, a person who elects to plead guilty is bound by the statements he makes in open

court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. **Stork**, 737 A.2d at 790-91

In **Commonwealth v. Broaden**, 980 A.2d 124 (Pa. Super. 2009), we summarized the standards that govern post-sentence motions to withdraw a guilty plea as follows:

> "[P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions for the same] since courts strive to discourage entry of guilty pleas as sentence-testing devices." **Flick**, 802 A.2d at 623. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. **Id.** (citing **Commonwealth v. Gunter**, 771 A.2d 767 (Pa. 2001)). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa. Super. 2002) (citing **Commonwealth v. Persinger**, 615 A.2d 1305 (Pa. 1992)). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. **Commonwealth v. Flanagan**, 854 A.2d 489, 500 (Pa. 2004). A deficient plea does not *per se* establish prejudice on the order of manifest injustice. **Commonwealth v. Carter**, 656 A.2d 463 (Pa. 1995); **Commonwealth v. Yager**, 685 A.2d 1000 (Pa. Super. 1996).

**Id.** at 129 (citations modified).

Instantly, we agree with appellate counsel and the trial court that Brecht cannot demonstrate that manifest injustice would result if he were not permitted to withdraw his guilty plea. First, the record unequivocally demonstrates that Brecht's decision to plead guilty was knowing, intelligent, and voluntary. Second, at the guilty plea hearing, Brecht confirmed that he

was entering the plea on his own free will, that he was not forced or threatened in any fashion to take the plea, and that he understood that there was no agreement regarding the sentence that he would receive. Brecht also asserted that he was satisfied with his attorney and that his attorney discussed the facts and possible sentences at length. Finally, Brecht acknowledged that the court was not bound by any agreement, and that the court could impose all sentences to run consecutively to each other.

At the post-sentence motion hearing, Brecht attempted to portray the pre-trial discussions with counsel as coercive. Brecht maintained that he felt like he was being funneled into a guilty plea based upon counsel's assurances that the Commonwealth would not object to a minimum prison term of seven years and that, if he went to trial and lost, he would be sentenced potentially to hundreds of years in prison. However, in the same hearing, Brecht admitted that counsel did not promise or guarantee any particular sentence if Brecht pleaded guilty. Further, counsel testified that, although he indicated that the Commonwealth would not object to a seven-year minimum term, he made it very clear to Brecht that there was no agreement and that any sentence up to the statutory maximum was possible. Counsel explained all of the options that the trial court could exercise in sentencing Brecht, and that nothing was certain until the court formally imposed the sentence. Counsel testified that Brecht understood the uncertainty of sentencing when he agreed to enter the plea, as evidenced by

Brecht's quite apparent concern over what sentence the trial court ultimately would impose.

For these reasons, it is clear that Brecht was not unlawfully or illegally induced into pleading guilty. No promises or guarantees were made to him. He knew at all times that there was no firm agreement on the sentence that he would receive. Brecht and counsel may have hoped for a seven-year minimum term, but Brecht knew from the inception of the plea discussions that a seven-year minimum term was not a guarantee. Thus, Brecht cannot demonstrate manifest injustice, and the trial court did not abuse its discretion by denying Brecht's post-sentence motion to withdraw his guilty plea.

Lastly, we note that, at times throughout the post-conviction proceedings, both counsel for Brecht and the trial court have discussed the potential issue of whether trial counsel was ineffective during the guilty plea process (with both concluding that counsel was not ineffective). This is a direct appeal. As such, claims of ineffective assistance of counsel must be deferred until the collateral stages of the post-conviction process. Indeed, in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court considered "the reviewability of claims of ineffective assistance ("IAC") of counsel on post-verdict motions and direct appeal." **Id.** at 563. Following a comprehensive review of the language codified in the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and decisions from our courts, the Supreme Court reaffirmed the principle that ineffective assistance claims

must be deferred until collateral review, and, thus, are not reviewable on direct appeal. The Court crafted two exceptions to this general proscription: first, the Court held that a trial court may, in its discretion, entertain ineffectiveness claims where extraordinary circumstances exist such that review of the claim would best serve the interests of justice. *Id.* at 563, 577. Second, the Court "repose[d] discretion in trial courts" to review ineffectiveness claims during post-sentence motions "only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial restrictions of the PCRA." *Id.* at 563-64, 577-80.

In the instant case, no extraordinary circumstances exist that would warrant review of an allegation of ineffective assistance of counsel on direct appeal. Furthermore, there is no indication in the record that Brecht expressly waived his right to PCRA review. Consequently, in light of **Holmes**, any potential ineffective assistance of counsel claim is not cognizable in this direct appeal. To the extent that **Anders** counsel raises the issue herein, the claim is frivolous.

As set forth above, we have reviewed counsel's **Anders** brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that his client's interests are protected. We have conducted an

- 13 -

independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that no non-frivolous challenges to Brecht's judgments of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal.

Judgments of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2015